UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

REV. KEVIN E. JOHNSON                                CIVIL ACTION

VERSUS                                               NO. 14-06

SHERIFF MARLIN N. GUSMAN ET AL.                      SECTION "F" (2)

                    **FINDINGS AND RECOMMENDATION**

    At the time of filing this complaint, plaintiff, Rev. Kevin E. Johnson, was an inmate incarcerated in the Orleans Parish Prison system ("OPP"). Plaintiff filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that, while incarcerated in OPP, he was exposed to HIV, denied "seizure medication" and subjected to various inadequate conditions of confinement and an illegal strip search. The complaint seeks monetary compensation. Record Doc. No. 1, Complaint at ¶¶ IV and V.

    By order dated February 6, 2014, Record Doc. No. 8, a preliminary conference was scheduled in this case on February 25, 2014. The purpose of the conference was to examine the basis of plaintiff's claims and to select pretrial and trial dates, if appropriate. On the day before the conference, the court was advised by counsel for Sheriff Gusman that plaintiff was released from incarceration at OPP on February 20, 2014, and left no forwarding address. A review of the record indicates that, in accordance with the Clerk's general practice at that time for sending copies of court orders to inmates at OPP, the Clerk mailed the order scheduling the conference to plaintiff at the OPP address of 2800

Gravier Street, rather than the 3000 Perdido Street address indicated in plaintiff's complaint and on the envelope in which he mailed his complaint to the court. Id., Complaint at pp. 2 and 9. This order has not been returned to the court. At the time of the conference on February 25, 2014, counsel for defendant was available via telephone as ordered. Plaintiff failed to appear, either in person or by telephone, or to contact the court in any way.

Because plaintiff failed to appear on February 25, 2014, by order issued that date, Record Doc. No. 10, plaintiff was required to appear before me on March 18, 2014, in person, to show cause why this case should not be dismissed with prejudice for failure to prosecute and to provide testimony pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny. Plaintiff was specifically instructed that failure again to appear as ordered would result in this report and recommendation that his case be dismissed for failure to prosecute. In addition, plaintiff was further advised that he has failed to keep the court advised of any address change as required by Local Rules 11.1 and 41.3.1. The Clerk was directed to mail this order to plaintiff at (1) the OPP 2800 Gravier Street address which appears on the docket sheet; (2) the OPP 3000 Perdido Street address indicated in plaintiff's complaint and on the envelope in which plaintiff mailed his complaint to the court, Id., Complaint at pp. 2 and 9; and (3) an alternative address also provided by plaintiff in his complaint, Id., Complaint at p. 3. This order also

has not been returned to the court and no response from plaintiff has been received. At the time of the conference on March 18, 2014, plaintiff again failed to appear in person or contact the court in any way.

No mail addressed to plaintiff has been returned to the court. However, all litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated November 21, 2013, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is

in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's February 6 and 25, 2014 orders to participate in a conference with the court clearly reflects a failure on the part of plaintiff to prosecute. Thus, the record establishes that plaintiff has failed to comply with two (2) court orders. In addition, plaintiff has failed to provide the court with a proper mailing address upon his release from prison, as required by the Local Rules. This record of several failures to comply with the court's

orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Rev. Kevin E. Johnson be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___21st___ day of March, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

**CLERK TO NOTIFY ALL PARTIES <u>AND</u>
PLAINTIFF AT THE FOLLOWING ADDRESSES:**

**(1)     Rev. Kevin E. Johnson #2370972
         Orleans Parish Prison
         2800 Gravier Street
         New Orleans, LA 70119**

**(2)     Rev. Kevin E. Johnson #2370972; Tent #3
         Orleans Parish Prison
         3000 Perdido Street
         New Orleans, LA 70119**

**(3)     Rev. Kevin E. Johnson
         8812 Spruce Street
         New Orleans, LA  70119**